APPLICATION FOR. REHEARING
No. 1720.
Decided June 26, 1942.
BY THE COURT:
Defendant-appellant makes application for rehearing upon the grounds stated in his brief attached thereto. The first statement is,
“The only question involved in this matter relates to pleadings and burden of proof and except by general implication this question was not discussed nor passed upon by the court.”
The defendant-appellant filed a brief and a supplemental brief and in neither document is disclosed' the fact that the matter before the Court is a question of pleadings and burden of proof, except so far, as it may be inferred from the statement of counsel on Pages 4-7 of his supplemental brief. The matter is not alluded to specifically in the Assignment of Errors.
In support of his motion to suspend the judgment, counsel stated,
“3. Defendant has a valid defense to this cause of action to-wit: that at the time of the execution of the cognovit note upon which a judgment was taken in this action, the defendant was an infant, and that after he had arrived at full age he disaffirmed said contract.”
The accompanying affidavit in support of said motion states that the defendant has a valid defense in that he was an infant at the time of the execution of the note, “and since arrival at the age of 21 years he disaffirmed said contract”.
As we understand, counsel’s present position is that in spite of the fact that the question of infancy was claimed as a defense and that on the motion for a suspension of the judgment, the allegation was made that there has been a disaffirmance since the infant arrived at majority, that the question of disaffirmance could not be considered inasmuch as it *355 was not' asserted in any of the . pleadings other than the motion which is not a pleading.
We must not lose sight of the fact that the matter before us involves simply the question as to whether the trial court would find that the judgment was void or, upon suspension, would find that there was no defense presented in the proffered answer.
■ This matter falls under the provisions of §11631, et seq. GC.
Sec. 11635 GC provides for the proceedings to vacate the judgment on certain grounds, stating that such action shall be by petition setting forth the judgment or order and the grounds to vacate.
Sec. 11636 GC provides that the Court must try and decide upon the grounds to vacate or modify a judgment before trying or deciding upon the validity of the defense or cause of action.
Sec. 11637 GC provides that a judgment shall not be vacated on motion or petition until it is adjudged that there is a valid defense to the action in which the judgment was rendered.
The judgment may not be vacated until it is adjudged that there is a valid defense to the action.
After the evidence had been introduced, both sides submitted a motion for a directed verdict and the Court thereupon took the whole matter under advisement ■and instructed the jury to bring ■in a verdict in favor of the plaintiff finding that there was no evidence of disaffirmance. The note ■was not void but voidable. An infant after attaining majority may disaffirm contracts made during minority. This, however,' must be done within a reasonable time after the termination of minority considering the circumstances. The defendant simply alleged his minority but made no allegation in the answer either to his affirmance or disaffirmance after becoming of age. The court properly held that the note itself not being void and there being no showing of disaffirmance although the same is alleged in the motion and in the affidavit that there was no valid defense to the action as provided for by §11637 GC.
We think the matter before the Court was clearly a question as to whether the minor was responsible for the note which he had given. He failed to set up a good defense in asserting and proving that he disaffirmed the contract. Ten years passed after his minority had terminated and we only now have the matter before us and it is claimed that the question as raised by the pleading is merely one of procedure.
Even though we may have been mistaken in asserting that the defense of disaffirmance was set up in the answer, yet that does not avoid the proposition that the Court found there was no disaffirmance and no valid defense to the suspended judgment.
Judgment affirmed.
Application for rehearing denied.
GEIGER, PJ., BARNES & HORN-BECK, JJ., concur.